**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLMER MARTINEZ MARTINEZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-02576 |
| | : | |
| J.L. JAMISON, et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 24th day of April, 2026, upon consideration of the Verified Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Letter Response in Opposition to Petition for Writ of Habeas Corpus (ECF Nos. 3-4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

1.      Mr. Martinez Martinez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

---

[1] Petitioner entered the United States in 2022. *See* Pet. for Habeas Corpus ¶¶ 2, 28. At the time of his entry, Petitioner had no contact with immigration officials. *See id.* ¶ 29. On or about April 17, 2026, Petitioner was arrested by immigration officials while on his way to work. *See id.* ¶ 3, 30. He was subsequently transported to the Federal Detention Center in Philadelphia, Pennsylvania, where he has remained in custody since that date. *See id.* ¶ 30.

The Government contends that Mr. Martinez Martinez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A). The vast majority of federal courts, including this Court, have rejected the Government's arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

Accordingly, Mr. Martinez Martinez's mandatory detention without the opportunity for a bail hearing is unlawful.

2.      The Government shall **RELEASE** Mr. Martinez Martinez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 12:00 p.m. ET on April 27, 2026;

3.      If the Government chooses to pursue re-detention of Mr. Martinez Martinez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.